### CALEB S. HOLT *vs.* CURTIS BACON.

The United States marshall has by law the custody of vessels seized by the officers of the revenue; but this gives him no power to bind the government by contracts with regard to them.

His contract therefore to pay for services rendered in examining a vessel seized as a slaver, and in taking an inventory of her cargo and supplies for purposes of evidence, will not be binding on the government.

And where, in such a case, the jury found that the marshall made an express personal promise to pay for such service, it was held, that he was personally liable on this promise, although he was acting in his official capacity and for the benefit of the government in procuring the service.

ASSUMPSIT, to recover for services rendered in examining the bark Laurens, and in making an inventory of her cargo and supplies at the request of the defendant. The defendant was marshall of the district of Connecticut and had seized the vessel in the harbor of New London as a suspected slaver by order of the district court, and after the seizure had employed the plaintiff and two others to make the examination of the vessel and her cargo and outfit. The plaintiff introduced evidence to prove an express promise on the part of the defendant to pay for the service, at the time when it was requested. The defendant denied having made any personal promise, and introduced evidence to show that he was acting in his official capacity as United States marshall, and that this was known to the plaintiff, and that in procuring the examination made he was acting at the request of the district attorney. The jury having returned a verdict for the plaintiff, the defendant moved for a new trial on the ground that the verdict was against the evidence. The opinion of the court will be sufficiently understood without a detail of the evidence.

*Doolittle*, in support of the motion.

The defendant was acting in the discharge of his official duty as marshall, and this was known to the plaintiff. The plaintiff himself says in his testimony, " I supposed he was acting as marshall in seizing the vessel, and when he directed me to inspect the cargo." By the act of 1792, (Brightley's Dig. U. S. Laws, 596,) it is made the duty of the marshall to take into his custody all vessels seized by any officer of the revenue. *Ex parte Hoyt*, 13 Pet., 279. 2 Att. Gen. Opinions, 477. By the same act he is also the disbursing agent of the government in all proceedings in the U. S. courts. The contract therefore was clearly made in behalf of the government, and for its sole benefit.

Upon these facts a well-settled principle applies to the case and must be decisive of it. " An agent contracting in behalf of the government, or of the public, is not personally bound by such a contract, even though he would be by the terms of the contract if it were an agency of a private nature." Story on

Agency, § 302. In *Hodgson* v. *Dexter*, 1 Cranch, 345, it was held that a public agent of the government, contracting for the use of the government, was not personally liable, although the contract was made under his own seal. In this case Ch. J. Marshall says, " It is too clear to be controverted that when a public agent acts in the line of his duty, and by legal authority, his contracts made on account of the government are public and not personal. They enure to the benefit of, and are obligatory on, the government and not the officer. A contrary doctrine would be productive of the most injurious consequences to the public as well as to individuals. The government is incapable of acting otherwise than by its agents, and no prudent man would consent to become a public agent if he should be made personally responsible for contracts on behalf of the public." Grier, J. in *Parks* v. *Ross*, 11 How., 362, says, (p. 374,) " As regards a public officer the rule of law is, that he is not responsible on any contract he may make in that capacity, and wherever his contract or engagement is connected with a subject fairly within the scope of his authority, it shall be intended to have been made officially, and in his public character, unless the contrary appears by satisfactory evidence of an absolute and unqualified engagement to be personally liable." *Adams* v. *Whittlesey*, 3 Conn., 567. *Perry* v. *Hyde*, 10 id., 329. *Ogden* v. *Raymond*, 22 id., 379. *Brown* v. *Austin*, 1 Mass., 208. *Dawes* v. *Jackson*, 9 id., 490. *Walker* v. *Swartwout*, 12 Johns., 444. *Olney* v. *Wickes*, 18 id., 122. *Nichols* v. *Moody*, 22 Barb., 611. *Enloe* v. *Hall*, 1 Humph., 303. *Gridley* v. *Palmerston*, 3 Brod. & Bing., 275.

*Crump* and *Converse*, contra.

The cases cited by the counsel for the defendant are not applicable, because in all of them there was authority in the public officer to bind the government. Here the marshall had no such authority. If the government had been a private principal, the authority would have been sufficient. There is no statute giving the marshall power to procure such services. He is a mere executive officer. His whole authority here was

the monition commanding him to seize the vessel. He could merely execute this. If the marshall has power to procure evidence in this particular mode to convict the vessel, he has power to send to Africa for evidence, and to involve the government in an expense of thousands of dollars. Whatever necessary expense he incurs for aid in the discharge of his official duty in seizing vessels or in holding them in custody, will be taxed by the court and allowed him as part of his fees, but he has no power to make any contract that will bind the government in the matter. In this case the defendant made an explicit promise to pay for the service, and it was rendered on such promise. The evidence was sufficient to warrant the jury in this conclusion, and a new trial will not be granted unless the verdict is so manifestly against the evidence as to show corruption or prejudice on the part of the jury. *Waters* v. *Bristol*, 26 Conn., 398.

HINMAN, J. There is undoubtedly some reason to apprehend that the jury in this case gave too much consideration to the plaintiff's evidence, and too little to the countervailing evidence of the defendant. Still, there was evidence for them to weigh on both sides, and the case depended upon a disputed fact rather than upon any principle of law, and we do not think a new trial can be granted without departing from the salutary principle so often and so recently recognized in respect to the great preponderance of evidence which is required against a verdict in order to justify us in setting it aside. The principles of law we believe to be as claimed by the defendant's counsel, but we do not think they apply to the case. No doubt the marshall has the custody of vessels seized by officers of the revenue, but this gives him no power to bind the government by contracts in respect to them. His authority in this respect is no greater than the authority of a sheriff to bind the state in respect to contracts made by him for the safe keeping of property seized by him as forfeited. We have been referred to no law of the United States making it the duty of the marshall to employ examiners to survey a vessel, or take an inventory of its cargo; and we know of no such

Holt *v.* Bacon.

law. Such a survey may be very proper where the character of the vessel is to be legally investigated, and no doubt was so in this instance. We suppose, however, it is generally caused to be done upon the expectation that a reasonable compensation will be allowed therefor and taxed by the court, and persons enough can ordinarily be found who will perform the service, relying only upon this expectation for their fees, to be paid when the money has been paid over to the officers of the court for distribution, and, as we have intimated, there are circumstances in this case which tend to show that such was the expectation of the plaintiff, and that he relied upon it rather than upon the unconditional promise of the marshall. The jury however thought the marshall made a personal engagement to pay, and as there was evidence which will justify such a finding, we do not feel authorized to set aside the verdict. Obviously the marshall could make such a personal promise if he chose to do so. His authority in this respect is very similar to the authority of any other officer who has property in his hands, the precise condition of which, when it came into his hands, may be or may become important in respect to some future investigation. If he should employ persons to take an inventory, or make plans or diagrams to be used on the trial, he might make himself personally responsible for the service, or the persons employed might agree to trust their chance of obtaining from him such reasonable compensation as should be allowed by the court. In the first case the officer would be immediately responsible, without reference to any future allowance; in the other case he would only be liable to pay over such sum as he should receive for the purpose. It would simply be, as it was in this case, a question as to the party to whom the credit was given. Here the jury thought it was given to the marshall alone, and we do not feel authorized to disturb their verdict.

In this opinion the other judges concurred; except SANFORD, J., who did not sit.